**MILSTEIN, ADELMAN & KREGER, LLP**
WAYNE S. KREGER, CA State Bar No. 154759
wkreger@maklawyers.com
DONALD A. BESHADA (*pro hac vice*)
dbeshada@maklawyers.com
JASON J. RUDOLPH, CA State Bar No. 242286
jrudolph@maklawyers.com
2800 Donald Douglas Loop North
Santa Monica, California 90405
Telephone:  (310) 396-9600
Facsimile:   (310) 396-9635

Attorneys for Plaintiff,
KIMBERLEY JURUN and the Proposed Class

**WILLIAMS & CONNOLLY, LLP**
ROBERT J. SHAUGHNESSY (*pro hac vice*)
bshaughnessy@wc.com
DANE H. BUTSWINKAS (*pro hac vice*)
dbutswinkas@wc.com
THOMAS G. HENTOFF (*pro hac vice*)
thentoff@wc.com
725 12th Street, N.W.
Washington, D.C. 20005
Telephone:  (202) 434-5000
Facsimile:   (202) 434-5029

Attorneys for Defendant,
WM. WRIGLEY JR. COMPANY

THE UNITED STATES DISTRICT COURT FOR

THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLEY JURUN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WM. WRIGLEY JR. COMPANY, a Delaware corporation and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.  2:09-CV-6547<br>Hon. Carla Woehrle<br><br>**STIPULATED PROTECTIVE ORDER** |

1. PURPOSE AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to, and request the Court to enter, the following Stipulated Protective Order ("Order"). This Order shall govern, for pretrial purposes only, the use of confidential information produced by a party or non-party in this proceeding. All references to "party" in this Order are intended to include non-parties.

The parties acknowledge that this Order does not confer blanket protection on all responses to discovery and that the protection it affords extends only to the limited information that is entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 11 below, that this Order creates no entitlement to file confidential information under seal. Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

2. DEFINITIONS

(a) "<u>Confidential Information</u>": For purposes of this Order, "Confidential Information" means information, including a trade secret, that qualifies for protection within the meaning of Fed. R. Civ. P. 26(c) and could cause competitive injury to a party or would invade the privacy of a natural person if such information were made public or revealed to a competitor. But in no event is the definition of Confidential Information intended to be broader than is provided by applicable law. "Trade secret" means information, including a formula, pattern, compilation, program, device, method, technique, or process that: (1) is used in one's business, and which gives that party an opportunity to obtain an advantage over competitors who do not know or use it; and (2) is the subject of efforts to maintain its secrecy that are

1  reasonable under the circumstances.  Confidential Information shall not include
2  materials that have been disclosed to the general public (unless disclosure was in
3  violation of this Order or other applicable law).  The protections conferred by this
4  Order cover not only Confidential Information itself, but also information copied or
5  extracted therefrom, as well as all copies, excerpts, summaries, or compilations
6  thereof.  However, this Order shall not be construed to cause any counsel to produce,
7  return, and/or destroy their own attorney work product.

8  (b) "Highly Confidential Information":  For purposes of this Order, "Highly
9  Confidential Information" means information the disclosure of which would pose a
10 heightened risk of competitive harm.  Materials designated "Highly Confidential" are
11 included within the meaning of "Confidential Information" in this Order and may
12 include:  actual or developmental formulas or formulations of products; sources of
13 products or ingredients; product specifications regarding the processing of
14 ingredients; information reflecting future product development and marketing plans;
15 and financial information that a competitor could use to discover the cost of
16 manufacturing a party's product.

17 3. LIMITATION ON USE OF CONFIDENTIAL INFORMATION

18 Information designated by a party or non-party or their counsel ("Designating
19 Party") as confidential under this Order shall be used by persons receiving it only for
20 the purposes of this action.  Confidential Information may be used for other purposes
21 or in other actions only as agreed beforehand in writing by the parties or ordered by
22 the Court.  One additional restriction applies to information designated as "Highly
23 Confidential":  Highly Confidential Information may be disclosed to persons covered
24 by Paragraphs 7(c), 7(h), or 7(k) below only if the requirements of Paragraph 10
25 below are satisfied.

26 Notwithstanding any designation, nothing in this Order shall prevent any party
27 from using or disclosing its own Confidential Information as it deems appropriate.
28 Nothing in this Order shall preclude any party from showing a Designating Party, or

its employee, at a deposition of that party or employee, any information provided by the Designating Party.  Nothing in this Order shall preclude any party from showing any individual any information that the individual authored or developed.  Likewise, nothing in this Order shall preclude any party from showing any individual any document, the face of which demonstrates that a) the document had previously been distributed to that individual, or b) the individual had otherwise previously possessed the document.  Nothing herein shall bar a party from the unrestricted use of any document or information obtained from public sources or available through public sources.

4.   DESIGNATING INFORMATION "CONFIDENTIAL"

Confidential Information in documentary form shall be so designated by stamping each page produced to a party with one of the following legends:

"CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER"; or

"CONFIDENTIAL."

Highly Confidential Information in documentary form shall be designated in a like manner, adding the word "HIGHLY" before "CONFIDENTIAL" in the legend.  Any such stamp or designation shall not obscure or otherwise conceal any text, picture, drawing, graph or other communication or depiction in the document.  In the case of Confidential Information disclosed in a non-paper medium (e.g., videotape, audiotape, computer disks, etc), the appropriate designation shall be affixed on the outside of the medium or its container so as to clearly give notice of the designation.

5.   GOOD FAITH BASIS FOR DESIGNATING MATERIALS

The designation of material as Confidential Information pursuant to this Order shall mean that the Designating Party has a reasonable good-faith belief that the material constitutes Confidential Information as defined in Paragraph 1 of this Order. Blanket designation of documents or information as Confidential Information en masse or without regard to the specific contents of each document is prohibited.  In determining the scope of information that a party may designate as Confidential

Information, each party agrees that designations shall be made in good faith and (1) not to impose burden or delay on any other parties, (2) not for tactical or other advantage in litigation, and (3) as to any party who is not a natural person, not in order to avoid embarrassment.

6. EXPERT REPORTS

If any Confidential Information is specifically identified in, paraphrased in, or attached to an expert's report, the report shall be marked on its cover as "CONTAINS CONFIDENTIAL INFORMATION," and access thereto shall be limited pursuant to the terms of this Order.

7. LIMITATION ON DISCLOSURE OF CONFIDENTIAL MATERIALS TO "QUALIFIED PERSONS"

Confidential Material produced pursuant to this Order may be disclosed or made available only to the following persons (hereinafter "Qualified Person(s)"):

(a) the parties and those employees responsible for assisting a party in the conduct of the action, other than in-house counsel;

(b) counsel (including outside and in-house counsel), including necessary support such as secretarial, clerical and litigation support or copy service personnel assisting counsel;

(c) experts and consultants, and their support staff, for the purpose of assisting in the preparation of the case or for the purpose of testifying by deposition or at the trial of this matter, except for persons who have worked for, or provided consulting services to, any of the following entities within the 24 months prior to the planned disclosure to them: Cadbury Adams, Cadbury Schweppes, PLC, The Hershey Company and/or each of their subsidiaries and affiliates ("Restricted Companies");

(d) the Court and its staff, court reporters, transcribers, notary publics or stenographers;

[PROPOSED] STIPULATED PROTECTIVE ORDER

  (e) any mediator or arbitrator appointed by the Court or selected by mutual agreement of the parties and the mediator's or arbitrator's secretarial and clerical personnel;

  (f) technical and non-technical jury or trial consulting services retained by counsel of record;

  (g) authors of, recipients of, and those listed as authors or recipients in the Confidential Material;

  (h) actual or potential trial or deposition witnesses whose testimony counsel reasonably believe may be aided by the review of Confidential Material, except for persons who have worked for, or provided consulting services to, any of the Restricted Companies within the 24 months prior to the planned disclosure to them;

  (i) representatives of the parties' insurers who have agreed to provide coverage with respect to the defense of claims in these actions, as well as insurers to whom this matter has been tendered but have not yet issued an opinion on coverage;

  (j) outside photocopying, translation, document management, litigation support, trial graphics, e-discovery, and exhibit preparation services engaged by a party for purposes of the action, provided however that such employees have access to Confidential Material so designated only to the extent necessary to perform their duties; and

  (k) any other person upon order of the Court or upon prior written consent of the party producing the Confidential Material.

8. EXECUTION OF ATTACHMENT A

Prior to receiving any Confidential Material, each Qualified Person described in paragraphs 7(c), 7(f), 7(h), and 7(k) shall be provided with a copy of this Order and shall execute an agreement, in the form of Attachment A, to maintain the confidentiality of the material.  Each person signing Attachment A shall be subject to and bound by this Order.  Counsel for the party seeking to disclose Confidential Material to any Qualified Person pursuant to paragraphs 7(c), 7(f), 7(h), and 7(k)

shall be responsible for retaining the executed Attachment A.  A Designating Party may move the Court at any time for disclosure of a receiving party's signed Attachment A confidentiality undertaking, and subject to the protection of privileges, the Court may order such production only upon a showing by the Designating Party of a possible violation of this Order.

9. ORDER GOVERNS PRETRIAL USE OF CONFIDENTIAL MATERIAL

Confidential Material may be used in pretrial proceedings so long as the party using the information does so in accordance with Paragraphs 7 and 8.  In the event that any Confidential Material is used in any proceeding in this action or any appeal therefrom, the Confidential Material shall not lose its status through such use, provided however that counsel confers with the Court on such procedures as are necessary to ensure the confidentiality of any documents, information, and transcripts used in the course of any proceedings. This Order does not address the use of Confidential Material during any trial in this action, which will be addressed with the Court at an appropriate time.

10. RESTRICTED COMPANIES; "HIGHLY CONFIDENTIAL MATERIAL"

If counsel for a receiving party (i) wishes to give access to Confidential Information to a potential expert or fact witness who has worked for, or provided services to, one of the Restricted Companies within the 24 months prior to the planned disclosure, or (ii) wishes to give access to Highly Confidential Information to a person covered by Paragraphs 7(c), 7(h), or 7(k) above, then counsel for the Designating Party must be served with a notice identifying each person who is to receive such information.  In the case of an expert witness, the identifying information shall include a C.V.  Counsel for the Designating Party will have five business days to object to such notice by serving a written objection seeking to deny access of the material to that person or place limitations or conditions on that person's access.  If no objection is sent within five business days, the Confidential Information may be shown to such person. If an objection is served, and if the parties are not able to

resolve the issue, the Designating Party shall file an appropriate motion within ten business days of service of the objection.  If no such motion is filed within such time period, the Confidential Information may be shown to such person.  Upon the filing of such a motion, however, the Confidential Information may not be shown to such person pending the Court's ruling upon the motion.

11. FILING UNDER SEAL

Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any Confidential Information.  A party that seeks to file under seal any Confidential Information must comply with Civil Local Rule 79-5.  If the receiving party intends to file any Confidential Information with the Court, it will provide sufficient advance notice of the intended filing to the Designating Party so that the Designating Party can file a motion to file that Confidential Information under seal.

12. RECEIPT OF A SUBPOENA

Nothing in this Order shall prohibit disclosure of Confidential Information in response to compulsory process or the process of any governmental agency.  If a party or expert in possession of Confidential Information receives a subpoena or other compulsory or government process from a non-party seeking production or disclosure of Confidential Information, telephonic and written notice shall immediately be given to counsel for the Designating Party, identifying the Confidential Information sought and arranging for transmission of a copy of the subpoena.   Where reasonably possible, notice shall be given at least ten (10) business days before production or such other disclosure, or in any event prior to production or disclosure.

13. DEPOSITIONS

Counsel for any deponent or party may designate specific portions of deposition testimony as Confidential Information by indicating on the record at the deposition that the testimony of the deponent is to be treated as confidential.  The

court reporter shall separately bind such testimony in a transcript bearing the legend "Confidential – Subject to Protective Order" on the cover page. The parties shall instruct all court reporters employed by them in the action that no copy of any transcript of any deposition taken by any party which is designated in part or in whole as Confidential Information shall be prepared for, or furnished by the reporter to any person other than to counsel for the parties and the deponent or his or her counsel.

When testimony designated as Confidential Information is (or is sought to be) elicited during a deposition, persons not entitled to receive such information under the terms of this Order shall be excluded from the deposition. A party who inadvertently fails to designate any portion of the transcript as Confidential Information on the record at the deposition may do so within ten business days following mailing of the transcript by the court reporter to counsel for that party. Such correction and notice thereof shall be made in writing to the reporter, with copies to all other counsel, designating the portion(s) of the transcript that constitute Confidential Information and directing the reporter to separately mark and bind that portion as provided above.

14. CHALLENGING A DESIGNATION

A party or other person objecting to designation of any material as Confidential Information shall provide written notice of the objection to counsel for the Designating Party, specifying the document(s) or material(s) that are the subject of the objection. Upon receipt of the written objection, counsel for the Designating Party shall, within 10 days, provide a written response to the objecting party explaining the basis for the designation as Confidential Information; otherwise the document(s) or material(s) shall be deemed to be no longer Confidential Information without a Court order. The parties and any other objecting person(s) shall confer in good faith in an effort to resolve the objection and any response by the Designating Party. If the objecting party or person and the Designating Party are unable to resolve the issue, the Designating Party, within 14 days after serving its response to the

objection notification, must file a motion with the Court to continue the designation of the material as Confidential Information.  In deciding such a motion, the Court shall make an independent determination as to whether the material is Confidential Information and is entitled to protection under applicable law.  To maintain confidential status, the Designating Party shall have the burden of establishing that the material constitutes Confidential Information as defined in Paragraph 2 of this Order and is entitled to protection under applicable law.  If the Designating Party does not file a motion seeking to maintain the "Confidential" designation within 14 days after serving its written response to the objection to confidentiality, the materials at issue shall be deemed to be no longer Confidential Information.  In the event the Court rules that the challenged material is not confidential, the Designating Party shall reproduce copies of all materials so designated without the "Confidential Information" legend at the Designating Party's expense within ten business days. These same procedures apply to challenges to the designation of Highly Confidential Information (including challenges to the effect that Highly Confidential Information is properly treated only as Confidential Information).

15. NO WAIVER

Nothing in this Order shall be construed as a waiver of the right of any party to object to the production of, the taking of, or the admissibility of any testimony, documents or other discovery where such an objection is based on a ground or grounds other than that the testimony or evidence involves Confidential Information.

No party receiving documents or materials designated as Confidential Information shall have any obligation to object to the designation at the time the designation is made or at any time thereafter.  No party shall, by failure to object, be found to have acquiesced or agreed to such designation or be barred from objecting to such designation at any time.

Nothing in this Order shall be a waiver of any objections to the admissibility of any evidence at trial, in any pretrial proceeding, or on appeal.

Nothing herein shall constitute (a) an agreement to produce any documents or supply any information or testimony in discovery not otherwise agreed upon or required to be produced; (b) a waiver of any right to object to any discovery request in this or any other action; or (c) a waiver of any claim of immunity or privilege with regard to any testimony, documents, or information.

16. **INFORMATION LAWFULLY OBTAINED FROM THIRD PARTIES**

Nothing in this Order shall preclude any person or entity from disclosing or using, in any manner or for any purpose, any information or document if that information or document is lawfully obtained from a third party.

17. **FINAL TERMINATION OF THIS ACTION**

After the final termination of this action, including all appeals (whether by judgment, settlement, or otherwise), any party who produced Confidential Information may, by written notice, request the return or destruction within 60 days thereafter of all Confidential Material, including all copies retained by the party to whom the request is made and its counsel, experts, and consultants.  Such returned materials shall not include court filings, deposition transcripts and exhibits, and the notes or work product of counsel for the parties, expert witnesses, or consultants or investigators or agents thereof.  All retained Confidential Material shall continue to be treated as Confidential pursuant to the terms of this Order.

18. **INADVERTENT DISCLOSURE**

The inadvertent or unintentional disclosure by a party of its own Confidential Information without an appropriate designation shall not be deemed to be a waiver in whole or in part of that party's claim of confidentiality going forward, either as to the specific Confidential Information inadvertently disclosed or as to any other document or information relating thereto or on the same or related subject matter.

19.  **EXTENSION TO NON-PARTIES**

If any party seeks discovery from a third party, that third party shall be entitled to have its production of information subject to the terms of this Order.

20.  **STANDARD OF CARE**

Each recipient of Confidential Information shall exercise, at a minimum, the same standard of care with respect to the storage, custody, use, and dissemination of such information as is exercised by the receiving party with respect to its own Confidential Information, but in no case less than reasonable care.

21.  **UNAUTHORIZED DISCLOSURE**

If Confidential Information is disclosed to any person other than in a manner authorized by this Order, the party responsible for such disclosure shall upon discovery of the disclosure immediately inform outside counsel of record of the party whose information is disclosed, shall inform counsel of all pertinent facts relating to such disclosure, and shall work in good faith with counsel to retrieve said information, including making every effort to retrieve the improperly disclosed material and to prevent further unauthorized disclosure on its own part and unauthorized use or disclosure on the part of the recipient of the material.

22.  **MISTAKEN DESIGNATION**

If it comes to a Designating Party's attention that information that it designated as Confidential Information does not qualify for protection, that party must promptly notify all receiving parties that it is withdrawing the mistaken designation. The Designating Party shall then have ten (10) business days to reproduce, at its own expense, all materials mistakenly designated without the "Confidential Information" legend.

23.  **SUBSEQUENT PARTIES TO THE ACTION**

In the event that additional persons become parties to this action, they shall not have access to Confidential Information produced by or obtained from any party or

non-party until the newly joined party or their counsel confirms in writing to all other parties that they have read this Order and agree to be bound by its terms.

24. FURTHER ORDERS

This Order shall not prevent any party or non-party from applying to the Court for further or other protective orders or for modifications of this Order or from agreeing to modifications of this Order.  Any such agreed modification shall be in writing, and signed by counsel on behalf of the parties.

The Court retains jurisdiction even after termination of this action to enforce this Order and to make such deletions from or amendments, modifications, and additions to the Order as the Court may from time to time deem appropriate.  The parties hereto reserve all rights to apply to the Court at any time, before or after termination of this action, for an order modifying this Order or seeking further protection against disclosure or use of claimed Confidential Information.

IT IS SO ORDERED.

Dated: September 2, 2010

*Carla M. Woehrle*

Hon. Carla Woehrle
United States Magistrate Judge

# ATTACHMENT A

## **<u>CONFIDENTIALITY UNDERTAKING</u>**

I, _____, hereby acknowledge that:

(a)   My current employer is _____. The address of my current employer is _____. My business telephone number is _____.

(b)   My current occupation or job description is _____.

(c)   I have received and carefully read the Stipulated Protective Order ("Order") dated _____, and I understand its provisions. I will protect Confidential Information disclosed to me and will not disclose it to anyone not qualified under the Order. In addition, I understand that I must abide by all of the provisions of the Order. I will undertake to ensure that those working under my supervision abide by these requirements.

(d)   At or before the termination of this action, I will return to counsel for the party by whom I am employed, or to counsel by whom I am employed, all documents and other materials, including notes, computer data, summaries, abstracts, or any other materials, containing or reflecting the Confidential Information that has come into my possession.

(e)   I understand that I am subject to the jurisdiction of the United States District Court for the Central District of California for the purposes of enforcing the Order, and I further understand that if I violate the provisions of the Order, I will be in violation of a Court Order.

_____    _____
DATE                                         SIGNATURE

STIPULATED AND SUBMITTED BY:

DATED: August 20, 2010       **MILSTEIN, ADELMAN & KREGER LLP**

WAYNE S. KREGER (154759)
DONALD A. BESHADA (*pro hac vice*)
JASON J. RUDOLPH (242286)
PETER J. FARNESE (251204)

By: _____/s/_____

Jason J. Rudolph

Attorneys for Plaintiff and
the Proposed Class

DATED: August 20, 2010       **WILLIAMS & CONNOLLY, LLP**

ROBERT B. SHAUGHNESSY (*pro hac vice*)
THOMAS G. HENTOFF (*pro hac vice*)

By: _____/s/_____

Robert J. Shaughnessy
Attorneys for Defendant Wm. Wrigley
Jr. Company